UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORNELIUS HERRING and
GEOFFREY HOWARD,

    Plaintiffs,

v.

                          Case No. 22-cv-11109
                          Honorable Linda V. Parker

CITY OF ECORSE, LAMAR TIDWELL,
MICHAEL MOORE and
NARDA BRUNO,

    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO EXTEND SCHEDULING ORDER

On May 20, 2022, Plaintiffs filed this action against Defendants alleging First Amendment retaliation in connection with Plaintiffs' employment as police officers with Defendant City of Ecorse ("Ecorse"). After resolution of Defendants' motion to dismiss, a Scheduling Order was entered setting *inter alia* a discovery deadline of October 2, 2023, and a dispositive motion deadline of November 1, 2023. (ECF No. 16.) A stipulated order subsequently was entered extending those dates to December 31, 2023 and January 30, 2024, respectively. (ECF No. 19.) The matter is currently before the Court on Plaintiffs' motion to extend the

scheduling order, which was filed seventeen (17) days before the discovery deadline. (ECF No. 22.) Defendants oppose the motion. (ECF No. 23.)

Federal Rule of Civil Procedure 16(b)(4) states that a scheduling order "may be modified only for good cause and with the judge's consent." The Sixth Circuit has advised that "[d]istrict courts have broad discretion under the rules of civil procedure to manage the discovery process and control their dockets." *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014) (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992)). There are five factors for a court to consider when deciding whether to modify a scheduling order:

> (1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests.

*Id.* (quoting *Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011)) (ellipsis omitted). "The overarching inquiry . . . is whether the moving party was diligent in pursuing discovery." *Id*. (quoting *Bentkowski*, 637 F.3d at 696).

Plaintiffs fail to address any of the relevant factors in their motion, and they offer no explanation for why discovery could not have been completed by the December 31 deadline. Defendants state in response to Plaintiffs' motion that Plaintiffs sought only limited discovery during the approximate one-year discovery period, and then only at the tail-end of the discovery window. According to

2

Defendants, they timely responded to Plaintiffs' discovery requests. Plaintiffs did not file a reply brief disputing these assertions.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion to extend the scheduling order (ECF No. 22) is **DENIED**.

s/ Linda V. Parker<br>LINDA V. PARKER<br>U.S. DISTRICT JUDGE

Dated: August 12, 2024